Debbie L. HATCHER *v.* STATE of Arkansas

CR 76-194                                        545 S.W. 2d 632

Opinion delivered January 24, 1977
(Division II)

*Jeff Duty*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Terry R. Kirkpatrick*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. This case involves the review of a finding by a juvenile court that a minor, Debbie L. Hatcher, was a delinquent and the judgment that she be committed to the Arkansas State Training School. The charge at the hearing was that she had committed attempted battery by trying to poison another girl.

At the proceedings before the juvenile court on the poisoning charge, records of a previous charge of shoplifting and a finding of guilt were considered by the juvenile court in finding that the minor should be committed to the training school.

The judgment was appealed and the circuit court found, de novo, that the minor was guilty of attempted battery, beyond a reasonable doubt, and should be committed to the training school. In the disposition of the case, the court considered the records and evidence regarding the shoplifting charge over the objection of counsel. The objection was the minor did not have counsel nor was the right to counsel waived at the hearing on the shoplifting charge. It is not disputed that the minor did not have counsel at the hearing on shoplifting. The circuit court made a written finding that the minor was afforded her constitutional rights, in the hearing on the

shoplifting charge, and specifically waived the right to counsel.

The record regarding the hearing on the shoplifting charge consists of a petition, a printed form-order and a voluntary supervision agreement. The printed form-order recites that the minor and the parents were advised of their right to counsel. There is no mention in the form of waiver of the right to counsel. During the circuit court hearing, the probation officer testified that the juvenile court referee had read the minor and her parent their rights, according to the rights form, after the minor failed to acknowledge them. The record is silent beyond these facts.

The law requires that a juvenile, charged with an offense which would subject the child to a finding of delinquency and a loss of liberty by incarceration in a penal institution, must be afforded the same rights to counsel that an adult has in a criminal proceeding under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *In Re Gault*, 387 U.S. 1 (1966).

In the *Gault* case the court stated:

> . . . the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child.

> They had a right expressly to be advised that they might retain counsel and to be confronted with the need for specific consideration of whether they did or did not choose to waive the right.

The court went on to say that acknowledgement of the right to have counsel was not a waiver.

In this case there is no evidence that the child or the parent waived the right to counsel, or were told they must waive that right, and, therefore, it was error for the juvenile court and the circuit court to consider any records or evidence regarding the previous charge. Therefore, the decision must be set aside and the case remanded.

The other allegation of error is the evidence is insufficient to adjudge this minor delinquent. There is sufficient evidence to support the findings of the juvenile court and the circuit court that Debbie L. Hatcher was guilty beyond a reasonable doubt of the act of attempted battery.

This case is remanded to the circuit court with instructions that the matter be further remanded to the county court for proceedings not inconsistent with this opinion.

Reversed and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and ROY, JJ.